UNITED STATES DISTRICT COURT
For The
EASTERN DISTRICT OF VIRGINIA
_____

Alexandria Division

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY

        Plaintiff

v.                                                  Case No.: _____

RAHUL GUPTA,

WILLIAM T. WAUGH, Individually and
as Personal Representative of the Estate of
Mark Waugh, deceased,

NANCY M. WAUGH, Individually,

ARVIND GUPTA, Individually,

and

SUSHMA GUPTA, Individually

        Defendants

## COMPLAINT

COMES NOW the Plaintiff Nationwide Property & Casualty Insurance Company (who shall hereinafter be referred to as Nationwide) by counsel, and as its Complaint for declaratory judgment, states as follows:

### The Policy of Insurance at Issue

1.    This Complaint for declaratory judgment is brought for the construction and interpretation of Nationwide Homeowner Policy 53 45 HO 659131, which policy of insurance was issued by Nationwide, and was formed, made and entered into in Fairfax County, Virginia.  The

aforedescribed policy affords Five Hundred Thousand Dollars ($500,000.00) in liability insurance coverage.

2.  A true, accurate and complete copy of Nationwide Homeowner Policy 53 45 HO 659131 (hereinafter referred to as the Nationwide Insurance Policy) is attached hereto as Exhibit 1.

3.  The Nationwide Insurance Policy was issued to Arvind Gupta as the Named Insured, and the policy was in effect for the period of January 16, 2013 to January 16, 2014.

4.  There are no other insurance policies issued or written by Nationwide, or any affiliate insurance carrier of Nationwide, that could afford insurance coverage or benefits to the Defendants, or any of them, for the claims and causes of action hereinafter described, other than the Nationwide Insurance Policy at issue.

<u>Jurisdictional Statement</u>

5.   Nationwide is an Ohio corporation with its principal place of business located in Columbus, Ohio.  Nationwide is, and at all times relevant to this action was, duly authorized to conduct business in the Commonwealth of Virginia.

6.  The Defendant Rahul Gupta is an individual who is of the age of majority, who is *sui juris*, who is not a member of the Armed Forces of the United States on active duty, and who is, and at all times relevant to this action was, a resident of the State of Maryland.  Rahul Gupta is a necessary party to this action because he is the insured for whom liability insurance coverage is sought for the claims and causes of action hereinafter described.

7.   Upon information and belief, Rahul Gupta is currently incarcerated at Western Correctional Institution of the Maryland Department of Corrections, in Cumberland, Maryland. Even though he is confined in prison, Rahul Gupta is not considered to be a person under disability pursuant to Section 5-201(c) of the Code of Maryland, and therefore, does not require the appointment of a guardian *ad litem* under Rule 17(b)(3) of the Federal Rules of Civil Procedure.

8.  The Defendants William T. Waugh and Nancy M. Waugh are individuals who are of the age of majority, who are *sui juris*, who are not members of the Armed Forces of the United States on active duty, and who are residents of the Commonwealth of Virginia.  William T. Waugh and Nancy M. Waugh are necessary parties to this action because they have asserted the claims and causes of action against Rahul Gupta for which insurance coverage under the Nationwide Insurance Policy is sought.

9.  The Defendants Arvind Gupta and Sushma Gupta are individuals who are of the age of majority, who are *sui juris*, who are not members of the Armed Forces of the United States on active duty, and who are residents of the Commonwealth of Virginia.  Arvind Gupta and Sushma Gupta are husband and wife, and they are the nature father and mother of Rahul Gupta.  Arvind Gupta is the Named insured in the Nationwide Insurance Policy.  Arvind and Sushma Gupta are necessary parties to this action because they have demanded that insurance coverage be afforded to Rahul Gupta for the claims and causes of action hereinafter described under the Nationwide Insurance Policy.

10.  This Honorable Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 United States Code 1332, based upon complete diversity of citizenship between the plaintiffs and the defendants hereto, and based upon the fact the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

11.  This Court has jurisdiction to issue declaratory judgment as to the rights and obligations of the parties hereto pursuant to the Declaratory Judgment Action contained in 28 United States Code 2201.

12.  All necessary and indispensable parties to this adjudication have been properly joined herein.

Facts of the Underlying Claim

13.  It is alleged by William T. Waugh and Nancy M. Waugh that on or about October 13, 2013 Rahul Gupta brutally murdered Mark Waugh in an apartment Rahul Gupta shared with a woman named Taylor Gould in Montgomery County, Maryland.

14.  The death of Mark Waugh was, in fact, caused by the willful, intentional and criminal conduct of Rahul Gupta.

15.  At the time of the murder of Mark Waugh on October 13, 2013, Rahul Gupta was a resident of the State of Maryland, and he was residing at 1220 East West Highway, Apartment 1601, Silver Spring, Montgomery County, Maryland.  Furthermore, Rahul Gupta had been residing continuously and uninterrupted in Montgomery County, Maryland since at least February of calendar year 2013.

The Underlying Civil Action

16.   On or about September 9, 2016 a Complaint was filed in the Circuit Court for Montgomery County, Maryland, by William T. Waugh individually and in his capacity as the Personal Representatives of the Estate of Mark Waugh deceased, and Nancy M. Waugh, individually, against Rahul Gupta, as Case Number 424774V (hereinafter the Waugh v. Gupta civil action).  A copy of the said Complaint is attached hereto as Exhibit 2.

17.  In the above-described Complaint, William T. Waugh and Nancy M. Waugh prayed for compensatory damages against Rahul Gupta "in an amount exceeding $75,000.00," plus costs, pre-judgment interest, post-judgment interest, and punitive damages

18.  The first notice provided to Nationwide of the October 13, 2013 incident that is the subject of the Waugh v. Gupta civil action occurred on November 29, 2016.

Coverage under the Nationwide Insurance Policy: Not an Accident

19.  *Section II*, *Liability Coverages, Coverage Agreements*, *Coverage E – Personal*

*Liability* of the Nationwide Insurance Policy, at page G1, provides liability insurance coverage for bodily injury or property damage caused by an "occurrence." The term "occurrence" is defined as an "accident" in *Section II, Liability Coverages, Additional Definitions Applicable To These Coverages,* paragraph 4, page G1. The death of Mark Waugh, and the claims and causes of action set out in the Complaint filed to initiate the <u>Waugh v. Gupta</u> civil action, were not the result of an accident within the meaning of the Nationwide Insurance Policy.

<u>Coverage under the Nationwide Insurance Policy: Willful Acts</u>

20. *Section II, Liability Exclusions,* paragraph 1., a) of the Nationwide Insurance Policy, at page H1, excludes liability coverage for claims caused intentionally by an insured, including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct. The death of Mark Waugh, and the claims and causes of action set out in the Complaint filed to initiate the <u>Waugh v. Gupta</u> civil action, constitute claims caused intentionally by Rahul Gupta, and constitute the consequences of willful acts the result of which Rahul Gupta knew or ought to have known, would follow from his conduct.

<u>Coverage under the Nationwide Insurance Policy: Physical Abuse</u>

21. *Section II, Liability Exclusions,* paragraph 1., i) of the Nationwide Insurance Policy, at page H2, excludes liability coverage for claims resulting from acts or omissions relating directly or indirectly to physical abuse. The death of Mark Waugh, and the claims and causes of action set out in the Complaint filed to initiate the <u>Waugh v. Gupta</u> civil action, constitute claims resulting from acts or omissions relating directly or indirectly to physical abuse of Mark Waugh by Rahul Gupta.

<u>Coverage under the Nationwide Insurance Policy: Not an Insured</u>

22. *Section II, Liability Coverages, Coverage Agreements, Coverage E – Personal Liability* of the Nationwide Insurance Policy, at page G1, provides liability insurance coverage

to pay damages an "insured" is legally obligated to pay due to an occurrence.  The term "insured" is defined in the *Definitions*, paragraph 4, at page A1, as the Named Insured (Arvind Gupta) and the relatives of the Named Insured who are residing in his household.  At the time of the death of Mark Waugh, Rahul Gupta was not residing in the household of the Named Insured of the Nationwide Insurance Policy.

<u>The Controversy</u>

23.  Nationwide has been called upon under the Nationwide Insurance Policy to defend Rahul Gupta and to pay any judgments or compromises that might be rendered in the civil action filed in the Circuit Court for Montgomery County, Maryland styled William T. Waugh individually and in his capacity as the Personal Representatives of the Estate of Mark Waugh, deceased, and Nancy M. Waugh, individually, against Rahul Gupta, as Case Number 424774V, and Nationwide has denied that the subject policy of insurance affords such coverage.  Therefore, there exists an actual controversy and dispute between the parties hereto involving the obligation of Nationwide to defend and be liable for damages allegedly caused by the conduct of Rahul Gupta as the same is described in the said civil action.

24.  Nationwide denies that it has any obligation to provide insurance coverage for the claims and causes of action that are the subject of the <u>Waugh v. Gupta</u> civil action under the Nationwide Insurance Policy at issue on the ground that the subject insurance policy provides coverage for claims arising out of an "accident," and that the claims and causes of action described in the <u>Waugh v. Gupta</u> civil action are not claims arising out of an accident within the meaning of the said policy.

25.  Nationwide denies that it has any obligation to provide insurance coverage for the claims and causes of action described in the <u>Waugh v. Gupta</u> civil action under the Nationwide Insurance Policy on the ground the subject insurance policy does not provide coverage for claims

caused intentionally by an insured, including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct, and that the claims and causes of action described in the Waugh v. Gupta civil action constitute claims caused intentionally by Rahul Gupta, and constitute the consequences of willful acts the result of which Rahul Gupta knew or ought to have known, would follow from his conduct.

26.   Nationwide denies that it has any obligation to provide insurance coverage for the claims and causes of action described in the Waugh v. Gupta civil action under the Nationwide Insurance Policy at issue on the ground the subject policy excludes liability coverage for claims resulting from acts or omissions relating directly or indirectly to physical abuse, and that the claims and causes of action described in the Waugh v. Gupta civil action, constitute claims resulting from acts or omissions relating directly or indirectly to the physical abuse of Mark Waugh by Rahul Gupta.

27.   Nationwide denies that it has any obligation to provide insurance coverage for the claims and causes of action described in the Waugh v. Gupta civil action under the Nationwide Insurance Policy at issue on the ground that Rahul Gupta is not, and was not residing in the household of the Named Insured, and therefore, was not an insured within the meaning of the Nationwide Insurance Policy.

<u>Jury Demand</u>

28.   Nationwide hereby demands a trial by jury.

WHEREFORE, having set forth the grounds for its Complaint for declaratory judgment, Nationwide prays as follows:

A.   That this Court find it has jurisdiction to issue declaratory judgment as to the rights and obligations of the parties hereto; that it finds venue is proper in this Court for the adjudication of

the rights and obligations of the parties as to the policy of insurance that is the subject of this action; and that it find all necessary and essential parties have been properly joined herein; and

B.  That this Court find the Nationwide Insurance Policy at issue is the only policy of insurance written or issued by Nationwide or its affiliates that could afford coverage to or for the defendants, or any of them, for the claims and causes of action arising, either directly or indirectly, out of the incident that is the subject of the Waugh v. Gupta civil action; and

C.  That this Court find the claims and causes of action described in the Waugh v. Gupta civil action are not claims arising out of an occurrence or an accident within the meaning of the Nationwide Insurance Policy; and

D.  That this Court find the claims and causes of action described in the Waugh v. Gupta civil action constitute claims caused intentionally by Rahul Gupta, and constitute the consequences of willful acts the result of which Rahul Gupta knew or ought to have known, would follow from his conduct; and

E.  That this Court find the claims and causes of action described in the Waugh v. Gupta civil action constitute claims resulting from acts or omissions relating directly or indirectly to the physical abuse of Mark Waugh by Rahul Gupta; and

F.  That this Court find at the time of the events that are the subject of the claims and causes of action described in the Waugh v. Gupta civil action, Rahul Gupta was not a resident of the household of the Named Insured of the Nationwide Insurance Policy, and was therefore, not an insured within the meaning of the Nationwide Insurance Policy; and

G.  That this Court declare that Nationwide has no obligation to provide insurance coverage or benefits to or for the defendants, or any of them, or to pay any judgments, settlements or claims arising, either directly or indirectly, out of the incident that is the subject of the Waugh v. Gupta civil action; and

H.  That this Court enter an Order incorporating all of the above described findings of fact

and conclusions of law; and

I.  That this Court grants to Nationwide such further relief as it might deem appropriate.


NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY

By Counsel


_____*/s/ Daniel L. Robey*_____
Daniel L. Robey, Esquire
Virginia State Bar Number: 15531
ROBEY, TEUMER, DRASH, KIMBRELL & COUNTS
3975 Fair Ridge Drive, Suite 410 North
Fairfax, Virginia  22033
(703) 591-7150 - Office
(703) 591-7102 – FAX
email:  robeyd@nationwide.com
Counsel for Plaintiff Nationwide